UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>RODOLFO OSUNA,<br><br>    Defendant. | Case No.: 08CR1966-JLS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(C)(2)** |

Defendant Rodolfo Osuna, a prisoner in federal custody, has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (ECF No. 39). Defendant contends that he is eligible for a sentence reduction because he was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. For the reasons set forth below, the Court will deny Defendant's motion as moot.

On September 26, 2008, Defendant Osuna was sentenced by this Court to a term of 18 months' imprisonment and 3 years of supervised release for the offense of importation of marijuana. ECF No. 22. Defendant completed the sentence of imprisonment and commenced supervised release on August 9, 2010. ECF No. 24. Defendant subsequently violated his supervised release by committing a new offense, conspiracy to distribute methamphetamine, for which he was sentenced on April 27, 2012 to a term of

imprisonment of 180 months and 5 years' supervised release.[1]  On the same date, for the supervised release violation in the instant case, Defendant was sentenced to 24 months' imprisonment, 12 months consecutive and 12 months concurrent to the sentence imposed in the conspiracy case.  ECF No. 37.  Defendant's supervised release was revoked in the instant case and no further term of supervised release was imposed.  *Id.*

Pursuant to 18 U.S.C. § 3582(c)(2), the Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission…" Here, Defendant's sentence in 2008 was based upon a sentencing range that was subsequently lowered by the Sentencing Commission.  In November 2014, the United States Sentencing Commission passed Amendment 782, which lowered the recommended sentence for drug offenses by lowering the base offense level of certain drug convictions by two levels.  *United States v. D.M.,* 869 F.3d 1133, 1135 (9th Cir. 2017).  At the time of sentencing, the base offense level for the amount of marijuana involved in the offense, 31.64 kilograms, was 18.  The base offense level for the same quantity of marijuana became 16 after the effective date of Amendment 782.[2]  *See* USSG § 2D1.1(a) and (c)(12).

However, Defendant had already served his sentence of imprisonment in the instant case and his supervised release was revoked prior to the passage of the November 2014 amendment.  Defendant is not currently in custody as a result of the offense in this case, but because of the 180-month sentence imposed in the new and unrelated case.  Thus, modification of the original term of imprisonment in this case would have no impact on his current sentence of incarceration.  But for the new offense, the 24-month revocation sentence imposed in 2012 would have ended before the effective date of the amendment.

---

[1]    11cr4722-JLS, ECF No. 32.
[2]    At the same time it issued Amendment 782, the Sentencing Commission promulgated another amendment, Amendment 788, which authorized retroactive application of Amendment 782 provided the "the effective date of the court's order is November 1, 2015, or later." *United States v. Navarro*, 800 F.3d 1104, 1108 (9th Cir. 2015) quoting USSG, supp. app'x. C, amend.788 (2014).

Moreover, the revocation sentence was not based upon the initial guideline sentencing range which was changed by the amendment, but upon the grade of supervised release violations and Defendant's criminal history category.  *See generally* USSG §§ 7B1.1-7B1.4.  No further term of supervised release followed the 2012 revocation sentence, thus no other form of relief, such as a modification or termination of supervised release, could plausibly flow from modification of the original sentence imposed in this case.  Accordingly, Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) is DENIED as moot.

      IT IS SO ORDERED.

Dated:  January 31, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge